**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **YVONTE BERNARD TRANQUILLE** | ) | **CASE NO. 26-50182** |
| **AKA EVAN TRANQUILLE** | ) | |
| **DBA YVONTE BERNARD** | ) | **CHAPTER 13** |
| **TRANQUILLE** | ) | |
| | ) | |
| **SSN: XXX-XX-9873** | ) | |
| | ) | |
| **DEBTOR** | ) | |

**OBJECTION TO DEBTOR'S MOTION FOR AUTHORITY TO SELL REAL PROPERTY FREE AND CLEAR OF LIENS**

**NOW COMES**, Newtek Bank, N.A. ("Movant"), by and through its undersigned counsel, and hereby objects to the Debtor's Motion for Authority to Sell Real Property Free and Clear of Liens (the "Motion"), and respectfully shows the Court as follows:

1. Movant is a secured creditor in this Chapter 13 case and is the holder of a second-priority deed of trust encumbering the real property located at 470 Riverbend Drive, Advance, North Carolina 27006 (the "Property").

2. The Debtor filed a motion on June 15, 2026, seeking authority to sell the Property free and clear of liens pursuant to 11 U.S.C. § 363 to a disinterested third party, Dufauskie Island Partners LLC, in the amount of $325,000.00.

3. Movant's current payoff is approximately $173,250.22, which includes accrued interest, fees, costs, advances, and other amounts recoverable under the loan documents.

4. According to the Debtor's Motion, the proposed sale proceeds will be insufficient to satisfy all liens against the Property in full. Under the terms of the proposed sale, the senior lienholder will be paid in full, but the purchase price is insufficient to satisfy Movant's lien in full. The proposed sale will result in a significant deficiency and will effectively strip Movant's secured interest without Movant's consent. *See* 11 U.S.C. § 363(f)(3).

5. The Motion contains no appraisal, broker price opinion, comparative market analysis, or other competent evidence establishing that the proposed sale price represents the fair market value of the Property.

6. Upon information and belief, the Davie County Tax Assessor has assessed the value of the Property at approximately $576,960.00. The proposed sale price of $325,000.00 is approximately $251,960.00 below the county's assessed value. While New Tek recognizes that tax values are not dispositive of market value, the substantial disparity raises serious concerns regarding whether the proposed sale reflects the Property's fair market value.

7. Movant has a reasonable basis to question whether the proposed transaction represents the highest and best offer obtainable for the Property given the significant deficiency should the proposed sale be allowed.

8. As the holder of the second-priority deed of trust, Movant will be materially prejudiced if the Property is sold at the amount listed in the Debtor's Motion because any reduction in sale proceeds directly impacts the amount recoverable on its secured claim.

9. Movant does not consent to the proposed sale and is presently obtaining an independent appraisal of the Property to evaluate the reasonableness of the proposed sale price.

10. Additional time is necessary for Movant to obtain an appraisal and to fully evaluate whether the proposed sale adequately protects its interests as a secured creditor.

11. Movant's rights will be unfairly prejudiced should this Court enter an order approving the sale before Movant has an opportunity to complete and submit its appraisal.

12. The Debtor's Chapter 13 plan states the Debtor will surrender the Property if it does not sell within 180 days. Because the Debtor has proposed abandoning any long-term interest in keeping the home, the bankruptcy estate gains no benefit from rushing a pre-confirmation short sale. A brief continuance will cause no harm to the Debtor or the bankruptcy estate.

**WHEREFORE**, Newtek Bank, N.A., respectfully requests the Court to order the following:

1. Sustain this Objection;

2. Continue the hearing on the Debtor's Motion for a period of not less than forty-five (45) days, or such other period as the Court deems appropriate, to permit New Tek to obtain an appraisal of the Property;

3. Deny the Motion to the extent it seeks to sell the Property without specifying payment in full of Movant's secured claim; and

4. Grant Movant such other and further relief as the Court deems just and proper.

This is the 9th day of July, 2026.

HUTCHENS LAW FIRM LLP

BY: _/s/: Kelly Dowd Tomasic______
Joseph J. Vonnegut NC Bar # 32974
Phillip A. Hedrick, Jr. NC Bar # 56326
Kelly Dowd Tomasic NC Bar # 53238
Attorneys for Creditor
4317 Ramsey Street
Fayetteville, NC 28311
Bkymail@hutchenslawfirm.com
(910)864-3068

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date this paper was served upon the following parties by depositing a copy enclosed in a postpaid, properly addressed wrapper in a post office or official depository under the exclusive care and custody of the United States Postal Service or via the appropriate electronic servicer:

Debtor:
Yvonte Bernard Tranquille
470 Riverbend Drive
Advance, NC 27006

Attorney for Debtor:
Robert H. Gourley, Jr.
Law Offices of Robert H Gourley Jr, P.A.
249 E. Broad Street
Statesville, NC 28677

Chapter 13 Trustee:
Steven G. Tate
1318 D Davie Avenue
Statesville, NC 28677

This is the 9th day of July, 2026.

HUTCHENS LAW FIRM LLP

BY: _/s/: Kelly Dowd Tomasic______
Joseph J. Vonnegut NC Bar # 32974
Phillip A. Hedrick, Jr. NC Bar # 56326
Kelly Dowd Tomasic NC Bar # 53238
Attorneys for Creditor
4317 Ramsey Street
Fayetteville, NC 28311
Bkymail@hutchenslawfirm.com
(910)864-3068